# EXHIBIT 6

| National Grid 2's Allegations in the Coverage Action | Continental's Allegations in the Second Crossclaim |
|---|---|
| **At various times from at least 1961 to 1985**, the Insurer Defendants or their respective predecessors, **in consideration of premiums paid by Eastern Gas, issued or subscribed to primary, umbrella and excess liability insurance policies covering Eastern Gas (hereinafter collectively "the Policies"). Each of the Policies provides Eastern Gas with broad coverage for bodily injury, personal injury and property damage liability arising out of the operations of Eastern Gas. The Policies provide Eastern Gas with uninterrupted coverage for "occurrences" resulting in liability to third parties for injury or damage happening during the policy periods.** Coverage Am. Compl. ¶ 62 (emphasis added). | National Grid alleges that **at various times from at least 1961 to 1985**, various insurers, including the insurers named as defendants in this action, **or their respective predecessors, in consideration of premiums paid by Eastern Gas** and Fuel Associates ("Eastern Gas"), **issued or subscribed to primary, umbrella and excess liability insurance policies covering Eastern Gas (hereinafter collectively "the Policies").** National Grid further alleges that **each of the Policies provides Eastern Gas with coverage for bodily injury, personal injury and property damage liability arising out of the operations of Eastern Gas.** National Grid further alleges that **the Policies provide Eastern Gas with coverage for "occurrences" resulting in liability to third parties for injury or damage happening during the policy periods.** Continental Crossclaims ¶ 4 (emphasis added). |
| **National Grid** Holdings 2 **is the legal successor by merger to Eastern Gas's rights under the Policies.** Coverage Am. Compl. ¶ 63 (emphasis added). | **National Grid** further alleges that it **is the legal successor by merger to Eastern Gas's rights under the Policies.** Continental Crossclaims ¶ 5 (emphasis added). |
| **Each of the Policies requires the issuing or subscribing insurers to indemnify, or pay** | National Grid further alleges that **each of the Policies requires the issuing or subscribing** |

| | |
|---|---|
| **on behalf of, National Grid** Holdings 2 **all sums that it becomes legally obligated to pay, as well as defense costs it incurs, as a result of claims and suits by third parties alleging bodily injury, personal injury or property damage arising out of Eastern Gas's operations, as long as any part of the alleged injury or damage occurred during the policy period. The contractual obligation of the Insurer Defendants to indemnify National Grid** Holdings 2 **for covered claims and suits on the terms described above is triggered by the exhaustion of the limits of any underlying insurance stated in the Policies, and is subject only to per occurrence and aggregate limits of liability (if any) expressly set forth in the Policies.** Coverage Am. Compl. ¶ 64 (emphasis added). | **insurers to indemnify, or pay on behalf of, National Grid sums that it becomes legally obligated to pay, as well as defense costs it incurs, as a result of claims and suits by third parties alleging bodily injury, personal injury or property damage arising out of Eastern Gas's operations, as long as any part of the alleged injury or damage occurred during the policy period.** National Grid further alleges that the alleged **obligation of the insurer defendants to indemnify National Grid for covered claims and suits on the terms described above is triggered by the exhaustion of the limits of any underlying insurance stated in the Policies, and is subject only to per occurrence and aggregate limits of liability (if any) expressly set forth in the Policies.** Continental Crossclaims ¶ 6 (emphasis added). |
| Defendant Century's predecessor **INA issued annual primary comprehensive general liability policies (the "Primary Policies") to Eastern Gas, with effective periods from June 1979 to June 1983. Each of the Primary Policies requires Century to defend National Grid Holdings 2, and to pay all costs, including attorneys' fees, experts' fees and supplemental expenses, incurred in the investigation and defense of** | National Grid further alleges that the Insurance Company of North America ("**INA**") **issued annual primary comprehensive general liability policies (the "Primary Policies") to Eastern Gas, with effective periods from June 1979 to June 1983.** National Grid further alleges that **each of the Primary Policies requires INA and/or its successor Century ("Century") to defend National Grid Holdings 2, and to** |

| | |
|---|---|
| **underlying actions alleging bodily injury, personal injury or property damage that potentially occurred, in whole or in part, during the relevant policy periods. Century's obligation to defend potentially covered actions against National Grid** Holdings 2 **(the "duty to defend") applies even if the underlying allegations are groundless, false or fraudulent. Century's duty to defend National Grid Holdings 2 continues until the applicable limits of liability set forth in the Primary Policies are exhausted by payment of adverse judgments or settlements.** Coverage Am. Compl. ¶ 65 (emphasis added). | **pay all costs, including attorneys' fees, experts' fees and supplemental expenses, incurred in the investigation and defense of underlying actions alleging bodily injury, personal injury or property damage that potentially occurred, in whole or in part, during the relevant policy periods.** National Grid further alleges that **Century's obligation to defend potentially covered actions against National Grid (the "duty to defend") applies even if the underlying allegations are groundless, false or fraudulent.** National Grid further alleges that **Century's duty to defend National Grid continues until the applicable limits of liability set forth in the Primary Policies are exhausted by payment of adverse judgments or settlements.** Continental Crossclaims ¶ 7 (emphasis added). |
| Eastern Gas timely paid all premiums due under the Policies, and all pertinent conditions and requirements for invoking the Policies have been satisfied and/or have been waived, excused, or are subject to an estoppel against the Insurer Defendants. Coverage Am. Compl. ¶ 66 (emphasis added). | National Grid further alleges that **Eastern Gas timely paid all premiums due under the Policies, and that all pertinent conditions and requirements for invoking the Policies have been satisfied and/or have been waived, excused, or are subject to an estoppel against the insurer defendants.** Continental Crossclaims ¶ 8 (emphasis added). |

| | |
|---|---|
| **In December 2019,** National Grid Holdings 2 **provided the Insurer Defendants with written notice and copies of** the County's **Information Demand and Notice of Endangerment, and stated that it believed that the Policies provide full coverage, up to their stated limits, for the underlying property damage claims asserted by the County. The Insurer Defendants either did not respond to the notice letter, or responded by generally reserving the right to disclaim coverage of the claims asserted by the County.** Coverage Am. Compl. ¶ 67 (emphasis added). | National Grid further alleges that **in December 2019,** it **provided its insurers, including the insurers named as defendants in this action, with written notice and copies of** Fayette County's (the "County") **Information Demand and Notice of Endangerment, and stated that it believed that the Policies provide full coverage, up to their stated limits, for the underlying property damage claims asserted by the County.** National Grid further alleges that the insurers **either did not respond to the notice letter, or responded by generally reserving the right to disclaim coverage of the claims asserted by the County.** Continental Crossclaims ¶ 9 (emphasis added). |
| **National Grid Holdings 2 has provided** the Insurer Defendants **with copies of the County's Abatement Order, and reiterated that it expects the insurers to provide coverage for the initial County Action and for any liability imposed on National Grid** Holdings 2 **as a result of that Action**. Coverage Am. Compl. ¶ 68 (emphasis added). | **National Grid** further alleges that it **has provided** its insurers **with copies of the County's Abatement Order, and reiterated that it expects the insurers to provide coverage for the initial County Action and for any liability imposed on National Grid as a result of that Action.** Continental Crossclaims ¶ 10 (emphasis added). |
| **None of the** Insurer Defendants **has agreed to defend National Grid** Holdings 2 **or reimburse its defense costs in either of the County Actions. None of the** Insurer Defendants **has agreed to indemnify** | National Grid further alleges that **none of the** insurers **has agreed to defend National Grid or reimburse its defense costs in either of the County Actions.** National Grid further alleges that **none of the** insurers **has agreed** |

| | |
|---|---|
| **National Grid Holdings 2 for any losses and liabilities sustained by National Grid Holdings 2 as a result of the County Actions.**  Coverage Am. Compl. ¶ 69 (emphasis added). | **to indemnify National Grid for any losses and liabilities sustained by National Grid as a result of the County Actions.** Continental Crossclaims ¶ 11 (emphasis added). |