IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**THE COUNTY COMMISSION OF
FAYETTE COUNTY, WEST VIRGINIA, et al.,**

    **Plaintiffs,**

v.                                                              Civil Action No. 2:21-cv-00307
                                                                   Hon. Thomas E. Johnston

**NATIONAL GRID NE HOLDINGS 2 LLC, et al.,**

    **Defendants.**

### DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY'S
### REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Travelers concludes the briefing on its Motion to Dismiss as follows:

1.    The County on brief fails to credibly challenge the decisions relied upon by Travelers and the other moving insurers which confirm, *inter alia*, that county commissions have prescribed authority rather than boundless authority. In its response, the County waxes philosophical about RCRA, CERCLA, and the West Virginia Hazardous Waste Management Act ("Waste Act"); argues against this Court's recent Memorandum Opinion and Order interpreting West Virginia Code §§ 7-1-3kk and 7-1-3ff [ECF No. 575]; and looks to state corporation statutes to avoid dismissal unsuccessfully.

2.    Likewise, the County on brief does not challenge Travelers' Rule 12(b) arguments that it lacks standing and failed to state a claim upon which relief may be granted.

3. The County's definition of "Direct Action" in Footnote No. 2 of its response brief is unavailing. The definition injects the concept of potentially responsible party as if the 2018 Ordinance is somehow on par with RCRA and CERCLA. Such is not the case. RCRA and CERCLA are federal statutes enacted by Congress, unlike the County's 2018 Ordinance which is not an enactment by the Legislature. In any event, the County filed its direct action under the 2018 Ordinance solely and not under RCRA, CERCLA, or the Waste Act.

4. The County remains undeterred in arguing against this Court's determination that it does not have the authority to declare a nuisance and is limited to abating what the law holds to be a nuisance. (ECF No. 575). Despite its continued protests, the County is simply without legal authority to pursue a direct action against liability insurers over a nuisance.

5. Further, this Court's determination that the County is without authority under West Virginia Code §§ 7-1-3kk and 7-1-3ff to file a civil action seeking judicial enforcement of the underlying Abatement Order is fatal to the County's direct action against Travelers and the other insurers under Count Eight. *See ECF No. 575 at 27-34.*

6. Just as West Virginia Code §§ 7-1-3kk and 7-1-3ff do not prescribe authority to county commissions to file direct actions in courts against liability insurers, no implied authority arises from these statutes to do the same. Accordingly, the County lacks express and implied authority to proceed under Count Eight as to Travelers.

7. The County's reference to the West Virginia Business Corporations Act is also unavailing. The statutory provisions relative to the effect of dissolution[1] and the

---

[1] West Virginia Code § 31D-14-1405(b)(5).

pursuit of unknown claims against dissolved corporations[2] have no bearing here.  Like West Virginia Code §§ 7-1-3kk and 7-1-3ff, these corporation provisions do not authorize direct actions against liability insurers of dissolved corporations to recover insurance proceeds.  Nor does implied authority for a direct action arise therein.  Consequently, and again, the County has no viable claim against Travelers under these corporation provisions.

8. Ultimately, the County is relegated to seek the enactment of legislation authorizing it to file direct actions against liability insurers.  It is a member of the West Virginia Association of Counties and is well versed in the legislative process.  Only the Legislature can grant the County such power through amending West Virginia Code § 7-1-3kk or enacting a direct action statute.  Otherwise, the County may not pursue direct actions against liability insurers outside of the few exceptions under *Robinson v. Cabell Huntington Hospital, Inc.*, 201 W.Va. 455, 498 S.E.2d 27 (1997).

WHEREFORE, for reasons heretofore stated, Defendant Travelers Casualty and Surety Company respectfully requests entry of an Order granting its Motion to Dismiss.

**TRAVELERS CASUALTY AND SURETY COMPANY**

**By Counsel**

*/s/ Edward P. Tiffey*
Edward P. Tiffey (WVSB #6042)
**TIFFEY LAW PRACTICE, PLLC**
205 Capitol Street, 4th Floor
P. O. Box 3785
Charleston, WV  25337-3785
(304) 344-3200
(304) 344-9919 (fax)
ed@tiffeylaw.com

---

[2] West Virginia Code § 31D-14-1407(d)(1).

## CERTIFICATE OF SERVICE

    I, Edward P. Tiffey, counsel for Defendant Travelers Casualty and Surety Company, do certify that on October 18, 2022, I served the foregoing Reply in Support of its Motion to Dismiss via this Court's CM/ECF electronic filing system, which delivered electronic notice of this filing to all e-filing participants in this action.

                                                              */s/ Edward P. Tiffey*  
                                                               Edward P. Tiffey