IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

THE COUNTY COMMISSION OF
FAYETTE COUNTY, WEST VIRGINIA, et al.,

          Plaintiffs,

v.                                  CIVIL ACTION NO. 2:21-cv-00307

NATIONAL GRID NE HOLDINGS 2 LLC, et al.,

          Defendants.

**ORDER**

Pending before the Court is Certain Insurers'[1] Motion to Stay All Coverage Issues. (ECF No. 485.) For the reasons set forth below, the motion is **GRANTED**.

## I.    BACKGROUND

Plaintiff the County Commission of Fayette County, West Virginia initiated this action on May 18, 2021. (ECF No. 1.) The County Commission then filed an Amended Complaint on

---

[1] Certain Insurers collectively refers to Insurance Company of North America; Pacific Employers Insurance Company; Century Indemnity Company; Illinois Union Insurance Company; Federal Insurance Company; American Home Assurance Company; Granite State Insurance Company, Lexington Insurance Company; The Insurance Company of the State of Pennsylvania; National Union Fire Insurance Company of Pittsburgh, Pa.; Zurich American Insurance Company; Westport Insurance Corporation; Starr Indemnity & Liability Company; Allianz Underwriters Insurance Company; Chicago Insurance Company; Fireman's Fund Insurance Company; Interstate Fire & Casualty Company; Associated Electric & Gas Insurance Services Limited; Munich Reinsurance America, Inc.; Executive Risk Indemnity, Inc. (as successor to certain insurance contracts issued by American Excess Insurance Company); New York Marine and General Insurance Company; ProSight Specialty Insurance Group, Inc.; Factory Mutual Insurance Company; and General Reinsurance Corporation.

July 16, 2021, (ECF No. 31), and a Second Amended Complaint on June 15, 2022, (ECF No. 499).

The action alleges contamination of the Johnson Fork of Loop Creek Watershed, located in Fayette County, West Virginia. (*See* ECF No. 499 at 33, ¶ 18.) Specifically, the Second Amended Complaint primarily asserts violations of the Resource Conservation and Recovery Act, West Virginia common law, and a county-level nuisance ordinance. (*See id.*) Based on those underlying claims, the Second Amended Complaint also brings a direct action to establish liability of the insurers in this case. (*Id.* at 169-72.)

Additionally, on August 20, 2021, Defendant Continental Insurance Company filed a third-party complaint against all National Grid's known insurers. (ECF No. 64.) On October 5, 2022, Continental filed an amended third-party complaint. (ECF No. 590.) The third-party complaint impleaded dozens of insurers. As a result, numerous crossclaims and counterclaims concerning insurance coverage have arisen.

On June 2, 2022, Certain Insurers filed the pending Motion to Stay All Coverage Issues. (ECF No. 485.) Defendant National Grid filed an opposition on June 30, 2022. (ECF No. 520.) The County Commission later joined this opposition. (ECF No. 553.) Certain Insurers filed their reply brief on July 7, 2022. (ECF No. 522.) As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

"The decision whether to grant a stay is discretionary, and within the inherent power of the court 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *White v. Ally Fin. Inc.*, 969 F.Supp.2d 451, 461 (S.D.

W. Va. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). However, "proper use of this [discretion] 'calls for the exercise of judgment which must weigh competing interests and maintain an even balance.'" *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) (quoting *Landis*, 299 U.S. at 254–55). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Id.*

"In other words, the court should consider whether the movant has demonstrated 'a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay' will harm someone else." *White*, 969 F.Supp.2d at 462 (quoting *Williford*, 715 F.2d at 127). Thus, courts in this District have "identified three factors to consider in determining whether to grant a motion to stay: '(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party.'" *Id.* (quoting *Tolley v. Monsanto Co.*, 591 F.Supp.2d 837, 844 (S.D.W.Va.2008)).

III. DISCUSSION

To determine whether a stay is warranted, the Court will analyze the relevant factors mentioned above: (1) judicial economy, (2) hardship and equity to the moving party, and (3) potential prejudice to the non-moving party.

a. Interests of Judicial Economy

Beginning with judicial economy, the Court reiterates that the "power to stay proceedings is incidental to the power . . . to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. Further, the

Court has "broad discretion" over whether to issue a stay "to control is own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997) (citing *Landis*, 299 U.S. at 254).

With this discretion in mind, a review of this case leaves no doubt that the first factor favors a stay. Even a momentary glance at the docket reveals that insurance issues abound to a dizzying degree. Based on the past and pending motions, the Court believes that the case has become so bogged down by questions of insurance and coverage that the underlying claims of environmental harm have been all but forgotten.

This is particularly concerning considering that County Commission will ultimately have to prove actual or imminent environmental harm to prevail. Nothing about insurance or who covers which parties will change that. It is thus vital to the case that the County Commission's environmental claims proceed. A stay of the insurance matters would facilitate this and allow the case to continue more quickly and efficiently.

On top of that, nearly all of the insurance and coverage issues would be moot if the Defendants successfully defend themselves against the County Commission's claims. Thus, there is a distinct efficiency advantage to further developing the environmental claims *before* the insurance issues. There is no such advantage to the opposite—and currently prevailing—order of resolution. Even if all of the insurance claims were resolved and done, the environmental claims would still be dispositive to the case's outcome.

Finally, the existence of a similar case in Massachusetts state court means that this Court can potentially take advantage of the that case's findings and outcomes. (*See* ECF No. 486 6-7.) While the Court declines to abstain because of this parallel proceeding, the "inherent authority to

4

. . . stay an action pending the outcome of parallel proceedings" further counsels toward the judicial economy of a stay here. *United States v. Oliver*, 878 F.3d 120, 124 (4th Cir. 2017).

      b. *Hardship and Equity to the Moving Party*

Next, the Court considers the hardship and equity to Certain Insurers should the stay be denied. As previously noted, if the County Commission's environmental claims fail, the insurance issues will be almost entirely mooted. Thus, the resolution of those claims largely determines the scope and volume of Certain Insurers' future discovery, briefing, and overall involvement in this case.

So far, Certain Insurers participation has been extensive, and there is no indication that it would abate any time soon. Therefore, the Court finds that in the absence of a stay, Certain Insurers would incur costly and time-consuming efforts. This finding is heightened by the fact that—depending on the environmental claim's outcome—such efforts might not have been necessary to the case in the first place.

      c. *Potential Prejudice to the Non-moving Party*

Finally, the County Commission and National Grid would face minimal prejudice by a stay of the insurance issues in this matter. The case was filed in 2021, and questions of coverage and insurance quickly took over. Yet the case does not truly center on insurance. Instead, the County Commission's environmental claims are the foundation upon which the case is built or crumbles.

Put plainly, the question of insurance coverage is separate from the question of environmental harm. Therefore, a stay of the insurance issues does not hinder the County Commission in pursuing the most critical part of its case, nor does it weaken National Grid's

ability to defend against the County Commission's claims. If the County Commission prevails in its environmental claims, the insurance issues will be focused, and more suitable for resolution. In the alternative, should the County Commission fail, the insurance issues will all but vanish. Neither outcome prejudices the non-moving parties or causes them any notable hardship.

## IV. CONCLUSION

For the foregoing reasons the Motion to Stay All Coverage Issues, (ECF No. 485), is **GRANTED**. All coverage and insurance issues in this matter are hereby **STAYED**. As such, all pending insurance-related motions are **DENIED**, without prejudice. When and if the time comes to return to these issues, the Court will confer with counsel and either reinstate the motions or permit new briefing as appropriate.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 6, 2023

THOMAS E. JOHNSTON, CHIEF JUDGE