IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

THE COUNTY COMMISSION OF
FAYETTE COUNTY, WEST VIRGINIA, et al.,

          Plaintiffs,

v.                                    CIVIL ACTION NO. 2:21-cv-00307

NATIONAL GRID NE HOLDINGS 2 LLC, et al.,

          Defendants.

**ORDER**

Pending before the Court is Plaintiff's Motion for Reconsideration. (ECF No. 950.) The motion seeks review of the Court's Order, (ECF 575), on Defendant National Grid's Partial Motion to Dismiss, (ECF No. 43). For the reasons set forth below, the pending motion is **DENIED**.

*I.    Background*

Plaintiff the County Commission of Fayette County, West Virginia initiated this action on May 18, 2021. (ECF No. 1.) The County then filed an Amended Complaint on July 16, 2021, (ECF No. 31), and a Second Amended Complaint on June 15, 2022, (ECF No. 499).

The action alleges contamination of the Johnson Fork of Loop Creek Watershed, located in Fayette County, West Virginia. (*See* ECF No. 499 at 33, ¶ 18.) Specifically, the Second Amended Complaint asserts violations of the Resource Conservation and Recovery Act, West Virginia common law, a county-level nuisance ordinance, and a direct action against certain insurance companies. (*See id.*)

1

Early in the litigation, Defendant National Grid moved for partial dismissal of the claims in the complaint. (ECF No. 43 (originally filed with regard to the Amended Complaint but applied as filed to the Second Amended Complaint by stipulation of the parties).) Once the motion was fully briefed, the Court reviewed the arguments and granted it in part, dismissing Counts Five, Seven, and Eleven of the Second Amended Complaint; the motion was denied as to Count Six. (ECF No. 575.)

In the Order, the Court made two findings that the County currently challenges. First, the Court held that West Virginia Code § 22-15-10(a)'s preamble does not "enlarge" that section's reach or create its own cause of action beyond what is in the statute itself. (*Id.* at 10 (citation omitted).) Second, the Court determined that the County's application of its local ordinance in this case was beyond the scope of its legal authority—i.e., *ultra vires*—and thus unenforceable. (*Id.* at 33-34.)

On January 25, 2023, the County filed this Motion for Reconsideration. (ECF No. 950.) Then, two responses were filed: National Grid filed its own response, (ECF No. 960), while Defendant Quercus joined Defendant Pardee in a joint response, (ECF No. 961.) The County then filed separate reply briefs to each of the responses. (ECF Nos. 963 and 964.) Thus, the motion is fully briefed and ripe for adjudication.

II.     *Standard of Review*

Rule 54(b) of the Federal Rules of Civil Procedure governs reconsideration of interlocutory orders. *See Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1470 (4th Cir. 1991). The Court possesses "broad[ ] flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light." *Carlson v. Boston Sci. Corp.*, 856

2

F.3d 320, 325 (4th Cir. 2017) (citations omitted and emphasis removed). The Court "may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Id.* (alteration and internal quotation marks omitted). "This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to [Federal Rule of Civil Procedure] 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial." *Id.* (internal quotation marks omitted); *see Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) ("A Rule 59(e) motion may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." (internal quotation marks omitted)).

### III. Discussion

Though the County only sparingly engages with the relevant rule and standard, it appears its motion relies entirely on the notion that the Court's Order was a clear error resulting in manifest injustice. A clear error finding requires a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted). This mistake must be so blatant that it "strike[s] [the Court] as wrong with the force of a five-week old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009). Likewise, the manifest injustice standard "presents parties with a high hurdle" requiring a showing that there is a "fundamental flaw" in the Court's decision. *In re Yankah*, 514 B.R. 159, 166 (E.D. Va. 2014) (quoting *Westerfield v. United States*, 366 Fed. Appx. 614, 620 (6th Cir. Feb. 24, 2010)).

Consistent with these high standards, reconsideration "is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). These motions "may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment." *Id.* (citations omitted). Additionally, it is "improper to file a motion for reconsideration simply to ask the Court to rethink what the Court had already thought through — rightly or wrongly." *Norfolk S. Ry. Co. v. Nat'l Union Fire Ins. of Pittsburgh, PA*, 999 F.Supp.2d 906, 918 (S.D. W. Va. 2014) (citation omitted).

However, instead of making new arguments showing that the Court's decision was clear error, the County does the opposite: It frequently repeats—often verbatim—the exact same arguments made the first time around. In fact, the County's recycling of rejected arguments is so egregious that National Grid was able to compile nearly *three pages* of essentially word-for-word arguments lifted straight from the County's initial opposition to National Grid's motion to dismiss. (*See* ECF No. 960-1.)

In essence, the County's motion does not demonstrate clear error but just tells the Court that its decision is wrong, and often for the same reasons the County opposed the motion to dismiss initially. Nothing has changed, and no novel arguments are made. Instead, the County assures the Court that it has "careful[ly] review[ed]" the Order and done "diligent research" before making arguments the Court already considered. (ECF No. 950 at 1.) While the Court is concerned that this implies the County does not normally take such care, it is even more alarming that the County seems to suggest the *Court* failed to perform its duty in making an informed and thought-out decision. The Court hopes to alleviate the County's concerns here and make it clear that the Court does in fact weigh arguments and research the law before issuing orders.

Thus, the County can rest easy knowing that it need not challenge every decision the Court makes merely because the County is worried that the Court lacks the ability to understand arguments when made only once. As such, the Court will not grant reconsideration just because the County "ask[s] the Court to rethink what the Court had already thought through." *Norfolk*, 999 F.Supp.2d at 918 (citation omitted).

Yet in over 50 pages of briefing, the County does little more than that, imploring the court to "change its mind" and "reconsider a legal issue" that has already been decided. *Pritchard v. Wal Mart Stores, Inc.*, 3 Fed.Appx. 52, 53 (4th Cir. 2001) (per curiam) (citation omitted). Under such circumstances, "relief is not authorized." *Id.* The Court heard these arguments once already, considered them, and made its decision. The County is free to disagree with that decision, but it is inappropriate to use that disagreement alone as the grounds for reconsideration.

In short, while the Court appreciates the County's "painstaking research," (ECF No. 950 at 2), the County has presented nothing close to the "extraordinary" showing necessary to demonstrate clear error, *Pac. Ins. Co.*, 148 F.3d at 403.

## IV. Conclusion[*]

For the foregoing reasons, the Motion for Reconsideration, (ECF No. 950), is **DENIED**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 11, 2023

---

[*] In a previous order, the Court warned the County against making "meritless allegations, assertions, and arguments." (ECF No. 968.) That warning was given after the pending motion's filing, so the Court will afford the County leeway this time. However, the County now has *two* warnings that it must be more prudent going forward. There will not be a third.

_____
THOMAS E. JOHNSTON, CHIEF JUDGE